IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01144-REB-BNB

THE ARC OF THE PIKES PEAK REGION, as legal guardian for Angela Bream, *et al*.

    Plaintiffs,

vs.

NATIONAL MENTOR HOLDINGS, INC. d/b/a THE MENTOR NETWORK, *et al.*

    Defendants.

## ~~STIPULATION AND~~ PROTECTIVE ORDER

    All of the Parties, through their respective counsel of record stipulate and move this honorable Court for entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c).

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

    IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this

term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or related to other proceedings in this case;

(c) the parties, including the designated representatives for the entity Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents or witnesses; and

(h) other persons by written agreement of all Parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters),

counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL," or by serving a written notice identifying by specific Bates numbers or Bates-number ranges, or by category where no Bates numbers exist, each document designated as CONFIDENTIAL.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion

requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, including any appeals, unless other arrangements are agreed upon by all parties, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Each parties' counsel shall be responsible to insure that CONFIDENTIAL documents not returned to the designating party have been destroyed.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated August 18, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Respectfully submitted this 18th day of August 2010,

| | |
|---|---|
| *s/ Jeffrey S. Pagliuca* | *s/ Terry Cipoletti* |
| Jeffrey S. Pagliuca | Catherine O'Brien-Crum |
| Ty Gee | John R. Mann |
| Haddon Morgan & Foreman, P.C. | Terry Cipoletti |
| 150 East 10th Ave. | Jason Langley |
| Denver, CO 80203 | Mackenzie Morgan |
| | KENNEDY CHILDS & FOGG, P.C. |
| Barrett Weisz | 633 Seventeenth St., Suite 2200 |
| Ridley McGreevy & Weisz, P.C. | Denver, CO 80202 |
| 300 17th Street, Suite 200 | 303-825-2700 |
| Denver, CO 80202 | cobrien@kcfpc.com |
| | jmann@kcfpc.com |
| Ann P. Kaufman | tcipoletti@kcfpc.com |
| Rick Levinson | jlangley@kcfpc.com |
| Kaufman & Levinson, LLC | mmorgan@kcfpc.com |
| 2 N. Cascade, Suite 550 | ***Attorneys for Defendants National Mentor*** |
| Colorado Springs, CO 80903 | ***Holdings, Inc., and REM Colorado, Inc.*** |
| ***Attorneys for Plaintiffs*** | |

*s/ Kimberly F. W. DeLine*
J. Stephen Mullen
Kimberly F. W. DeLine, Esq.
Michael A. Watts, Esq.
RETHERFORD, MULLEN & MOORE, LLC
2925 Professional Place, Suite 202
Colorado Springs, CO 80904
719-884-2844
***Attorneys for Defendant Jan Blosser***

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-01144-REB-BNB

THE ARC OF THE PIKES PEAK REGION, as legal guardian for Angela Bream, *et al*.

      Plaintiffs,

vs.

NATIONAL MENTOR HOLDINGS, INC. d/b/a THE MENTOR NETWORK, *et al.*

      Defendants.

---

## WRITTEN ACKNOWLEDGMENT - EXHIBIT A
---

    1.    I have read the Stipulation and Protective Order in *The Arc of the Pikes Peak Region as legal guardian for Angela Bream, et al. v. National Mentor Holdings, Inc., et al.*, Civil Action No. 10-cv-01144-REB-BNB in the United States District Court for the District of Colorado.

    2.    I have been informed by _____, Esq., counsel for _____, that the materials and information you are providing me contain CONFIDENTIAL information as defined in the Protective Order.

    3.    I have not and will not divulge, or undertake to divulge to any person or recording device, any CONFIDENTIAL information shown, provided, or told to me, except as authorized in the Protective Order. I will not use the CONFIDENTIAL information for any purpose other than in this litigation.

Dated: _____          _____
                                                           (Signature)

                                                   _____
                                                       (Print or Type name)
                                       Address:_____

                                       Telephone No.: (____)_____