**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01144-REB-BNB

THE ARC OF THE PIKES PEAK REGION, as legal guardian for
ANGELA BREAM,
GREG CATLETT,
GORDON CUMMINGS,
VERA GUION
MARY RODGERS, and
TINO VALENCIA,
SHARON HARRISON
MICHELLE BOWER and MICHELLE BOWER, as legal guardians for RANDY BOWER,
KARLA DIAZ and CELESTINO PAUL DIAZ, as legal guardians for FELIPE CANTRELL CERVANTES,

    Plaintiffs,

v.

NATIONAL MENTOR HOLDINGS, INC., d/b/a THE MENTOR NETWORK, its successors and its assignees,
REM COLORADO, INC., its successors and assignees, and
JAN BLOSSER

    Defendants.

## ORDER DENYING MOTION FOR SEPARATE TRIALS

**Blackburn, J.**

    This matter is before me on the **REM Defendants' Motion for Separate Trials** [#55][1] filed August 9, 2010. The plaintiffs filed a response [#71], and the defendants filed a reply [#73]. I deny the motion.

### I. BACKGROUND

    The plaintiffs are guardians for eight severely disabled wards. This case is

---

[1] "[#55]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

based on the plaintiffs' allegations that the defendants, who contracted with certain government agencies to provide care to the wards, exposed the wards to protracted and extensive physical and emotional abuse, neglect, and mistreatment. Based on these allegations, the plaintiffs assert fifteen claims for relief in their Second Amended Complaint [#1-10]. Claims one, two, three, four, and six are negligence claims. Claim five is a claim for violation of the Act for the Care and Treatment of the Developmentally Disabled, §§27-10.5-101 through 27-10.5-902, C.R.S. Claim seven is a claim for outrageous conduct,  claim eight is a claim for breach of fiduciary duty, claim nine is a claim for conversion, and claim ten is a claim for an accounting. Claim eleven is a claim under the Colorado Organized Crime Control act (COCCA), §18-17-101, C.R.S., and claim twelve is a claim under the related Racketeer Influenced Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 - 1968. Claim thirteen is a claim for a declaratory judgment, and claim fourteen is a claim for breach of contract, based on contracts between defendant REM Colorado, Inc., and The Resources Exchange. Claim fifteen is a claim for unjust enrichment.

## II. ANALYSIS

Under FED. R. CIV. P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury. "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." **Green Construction Co. v. Kansas Power & Light Co.**, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted).

Bifurcation is the exception, not the rule. FED. R. CIV. P. 42(b), Advisory

Committee Notes (noting that "separation of issues for trial is not to be routinely ordered"). Generally, bifurcation is appropriate only when the issues are clearly separable. *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). "[T]he presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the [movant] to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." *Patten v. Lederle Laboratories*, 676 F.Supp. 233, 238 (D. Utah 1987) (citation and internal quotation marks omitted).

Here, the defendants argue that each of the eight wards who are plaintiffs in this case suffer from different types of disabilities, were cared for in various facilities operated by the defendants, often at different points in time, and the plaintiffs allegedly suffered different forms of mistreatment by the defendants. The defendants contend that the claims of the eight wards do not share common facts concerning liability, causation, or damages. As a result, the defendants argue, the claims of the eight wards are not properly joined under FED. R. CIV. P. 20 because the claims of the eight wards do not arise from the same series of transactions or occurrences. The defendants argue further that trial of the claims of all eight wards together risks confusion of the jury and undue prejudice.

The plaintiffs argue that there is significant factual overlap among the claims of the eight wards, that the claims of the wards present common questions of law and fact, and that the claims arise from the same series of transactions or occurrences. The plaintiffs contend further that any risks of jury confusion and prejudice can be mitigated

adequately.

Applying the relevant standards outlined above, I conclude that the defendants have not shown that bifurcation is appropriate in this case. In many respects, the claims of the eight wards arise from the same series of transactions or occurrences and present common questions of law and fact. The claims of the eight plaintiffs each present some questions of law and fact that are unique to a particular plaintiff. To the extent the claims of the individual wards present unique issues of law and fact, those individual issues can be addressed at trial without impairing significantly the efficiency of the trial. Further, the risks of jury confusion and prejudice readily can be mitigated at trial.

**THEREFORE, IT IS ORDERED** that the **REM Defendants' Motion for Separate Trials** [#55] filed August 9, 2010, is **DENIED**.

Dated March 18, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge