**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01144-REB-BNB

THE ARC OF THE PIKES PEAK REGION, as legal guardian for
ANGELA BREAM,
GREG CATLETT,
GORDON CUMMINGS,
VERA GUION
MARY RODGERS, and
TINO VALENCIA,
SHARON HARRISON
and MICHELLE BOWER, as legal guardians for RANDY BOWER,
KARLA DIAZ and CELESTINO PAUL DIAZ, as legal guardians for FELIPE CANTRELL
CERVANTES,

      Plaintiffs,

v.

NATIONAL MENTOR HOLDINGS, INC., d/b/a THE MENTOR NETWORK, its
successors and its assignees,
REM COLORADO, INC., its successors and assignees, and
JAN BLOSSER

      Defendants.

---

## ORDER CONCERNING MOTIONS TO DISMISS

---

**Blackburn, J.**

      This matter is before me on the following: (1) defendants National Mentor

Holdings, Inc. and REM Colorado, Inc.'s **Motion for Partial Dismissal of Fourteenth**

**and Fifteenth Claims for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#15][1] filed May

24, 2010; and (2) defendant Jan Blosser's **Amended Motion To Dismiss Eleventh**

**Claim  for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#21] filed May 25, 2010.  The

---

[1]  "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

other defendants joined Blosser's motion. *See* [#25] The plaintiffs filed responses [#53 & #54], and the defendants filed replies [#57 & #59]. I grant each motion in part, and I deny each motion in part.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II. STANDARD OF REVIEW

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003). I review the challenged portion of a complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)); *see also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims." ***Id.*** (emphases in original).[2] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

## III. ANALYSIS

The plaintiffs are guardians for eight severely disabled wards. This case is based on the plaintiffs' allegations that the defendants, who contracted with certain government agencies to provide care to the wards, exposed the wards to protracted and extensive physical and emotional abuse, neglect, and mistreatment. Based on these allegations, the plaintiffs assert fifteen claims for relief in their **Second Amended Complaint** [#1-10] (Complaint). The motions to dismiss concern the eleventh, fourteenth, and fifteenth claims for relief. In their eleventh claim for relief, the plaintiffs assert a claim under the Colorado Organized Crime Control Act (COCCA), §§18-17-101

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

through 18-17-109, C.R.S. The plaintiffs assert a claim for breach of contract in their fourteenth claim for relief, and a claim for unjust enrichment in their fifteenth claim for relief.  The eleventh claim for relief is asserted against all defendants.  The fourteenth and fifteenth claims for relief are asserted against defendants, National Mentor Holdings, Inc. (Mentor), and REM Colorado, Inc. (REM).

A.  Eleventh Claim - Colorado Organized Crime Control Act

The plaintiffs' eleventh claim is asserted under the Colorado Organized Crime Control Act, §§18-17-101 through 18-17-109, C.R.S. (COCCA).  The defendants argue that the allegations in the Complaint [#1-10] are not sufficient to state a claim on which relief can be granted under the COCCA.  The defendants argue that each plaintiff has not established standing to bring a COCCA claim, that the plaintiffs have not pled predicate acts sounding in fraud with sufficient particularity, and that the plaintiffs have not pled sufficiently violations of COCCA's substantive provisions.

I.  Standing - The defendants argue that the allegations in the plaintiffs complaint do not demonstrate that each of the plaintiffs has standing to bring a COCCA claim because the plaintiffs "have not articulated which [plaintiff] suffered harm from which predicate acts" and fails to allege that each plaintiff, individually, was injured by the alleged conduct that violates COCCA.  In their COCCA claim, the plaintiffs allege, *inter alia*, that (a) the defendants committed assault by "knowingly or recklessly causing bodily injury to one or more" of the plaintiffs; and (b) the defendants committed theft by "knowingly obtaining or exercising control over something of value belonging to the [plaintiffs] without authorization or by threat and deception . . . ." *Second Amended Complaint* [#1-10], ¶ 137.

Case 1:10-cv-01144-REB-BNB   Document 144   Filed 03/18/11   USDC Colorado   Page 5 of 14


> Under COCCA, a plaintiff need not demonstrate that some injury resulted from a pattern of racketeering. Rather, it is sufficient to demonstrate that one or more injuries to someone resulted from each of the predicate acts. Further, the plaintiff need not show injury resulting to himself from each illegal act alleged.

*Floyd v. Coors Brewing Co.*, 952 P.2d 797, 803 (Colo. App.1997) (*reversed on otr. grounds, Floyd v. Coors Brewing Co.*, 978 P.2d 663 (Colo. 1999)).  However, to have standing to bring a COCCA claim, a plaintiff must allege that he or she "has been injured by the conduct constituting the [COCCA] violation.  A plaintiff can recover only for harm caused by one or more of the predicate acts."  *Id*.

The plaintiffs COCCA claims are based on the predicate acts of assault, forgery, and theft.  In their Complaint, the plaintiffs allege specifically that plaintiffs Catlett, Rogers, Valencia, Bower, and Cervantes each were subjected to assault and/or theft by individuals employed and supervised by the defendants and were harmed by those actions. *Second Amended Complaint* [#1-10], pp. 12 - 14, 17 - 18.  As to these plaintiffs, the complaint contains sufficiently specific allegations that each of these plaintiffs suffered harm caused by one or more COCCA predicate acts for which the defendants are responsible.  Assuming the allegations in the complaint to be true, these plaintiffs have established standing to assert COCCA claims.

On the other hand, the plaintiffs have not alleged that plaintiffs Bream, Cummings, and Guion were subjected to assault, theft, or forgery by individuals employed and supervised by the defendants.  There is no allegation that Bream or Cummings suffered any injury caused by the defendants' alleged assault, theft, or forgery.  The plaintiffs allege that Guion was subjected to sexual abuse, which likely constitutes assault, but the plaintiffs do not allege that Guion was assaulted by individuals employed and supervised by the defendants.  There is no allegation in the

Complaint which ties the person who allegedly perpetrated this assault to the COCCA enterprise alleged by the plaintiffs.  Further, to the extent the Complaint includes allegations of forgery, there are no allegations that the alleged forgery caused injury to plaintiffs Bream, Cummings, and Guion.

Assuming the allegations in the complaint to be true, I cannot conclude that plaintiffs Bream, Cummings, and Guion have demonstrated, via their allegations, that each of them has a reasonable likelihood of mustering factual support for their COCCA claims.  This is true because these plaintiffs have not alleged that they were subjected to assault, theft, or forgery by individuals employed and supervised by the defendants, and suffered an injury that was caused by such actions.  The allegations in the complaint fail to state a claim on which relief under the COCCA can be granted to these plaintiffs.  Further, absent sufficient allegations that these plaintiffs have been injured by conduct constituting a COCCA violation, these plaintiffs do not have standing to assert a COCCA violation.  *Floyd*, 952 P.2d at 803.

Thus, the defendants' motion to dismiss will be granted as to the COCCA claims asserted by plaintiffs Bream, Cummings, and Guion.  Otherwise, the defendants' motion to dismiss the COCCA claims for lack of standing will be denied.

II.  Fraud Allegations - The plaintiffs allege forgery as one of the predicate acts in support of their COCCA claim.  Under Colorado law, a claim of forgery requires proof that the defendant acted with intent to defraud.  *CJI-Crim*. 18:02.  The plaintiffs' claim of forgery sounds in fraud.  To satisfy the requirements of FED. R. CIV. P. 9(b), a complaint alleging fraud must state the contents of the false representation, the time and place where the false representation was made, the identity of the party making the false statement, and the consequences of the statement.  *Koch v. Koch Industries, Inc.*,

203 F.3d 1202, 1236 (10th Cir. 2000).  The defendants argue that the allegations in the plaintiffs' complaint do not satisfy the specificity requirements of Rule 9(b).  I disagree.

In paragraphs 48, 49, and 50 of the Complaint, the plaintiffs describe with reasonable particularity the time, place, and content of allegedly false statements made by defendant Blosser.  In paragraph 51 of the Complaint, the plaintiffs describe the consequences of these allegedly false statements.  In paragraph 54 of the Complaint, the plaintiffs describe with reasonable particularity the time, place, and content of allegedly false statements made by defendant REM and delivered by Blosser, as well as the consequences of these allegedly false statements.  As to the statements described in these paragraphs, the plaintiffs have satisfied the pleading requirements of Rule 9(b).

The defendants contend that the plaintiffs, in alleging their forgery claims, improperly collectivize the defendants.  In paragraphs 48, 49, 50, and 54 of the Complaint, the plaintiffs identify with reasonable specificity the defendants who made the allegedly false statements.  In these paragraphs, the plaintiffs do not improperly collectivize the defendants, in violation of Rule 9(b).

The defendants argue also that the plaintiffs' theft claims sound in fraud and are not plead with the particularity required by Rule 9(b).  I conclude that the plaintiffs' theft claims do not sound in fraud.  Rather, these claims are in the nature of conversion.  The plaintiffs allege that the defendants stole money belonging to some of the plaintiffs. Therefore, these claims need not be pled with the particularity required by Rule 9(b).

Thus, the defendants' motion to dismiss the plaintiffs' claim of forgery for lack of compliance with Rule 9(b) will be denied.

III.  COCCA Substantive Provisions - The defendants argue that the plaintiffs

have not alleged facts sufficient to state a claim for violation of COCCA's substantive provisions.  In response, the plaintiffs state that their COCCA claim is asserted under §18-17-104(3) and (4), C.R.S.  Section 18-17-104(3) provides that it "is unlawful for any person employed by, or associated with, any enterprise to knowingly conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity . . . ."  Section 18-17-104(4) provides that it "is unlawful for any person to conspire or endeavor to violate any of the provisions of subsection (1), (2), or (3) of this section."  Viewing the allegations in the Complaint as a whole, I find that the plaintiffs sufficiently have alleged facts which, if true, plausibly could demonstrate that the defendants violated §18-17-104(3) and (4), C.R.S. This includes reasonably specific allegations which, if true, would permit a reasonable fact finder to conclude that the defendants engaged in a conspiracy to violate §18-17-104.  The defendants' motion to dismiss for failure to allege adequately violation of §18-17-104(3) and (4), C.R.S., will be denied.

## B.  Fourteenth Claim - Third Party Beneficiary

The plaintiffs' breach of contract claim is based on the contention that each of the plaintiffs was a third-party beneficiary of the contracts between the agencies who distribute federal and state government funds for the care of the developmentally disabled and the entities who provide such care, such as Mentor and REM.  Under Colorado law,

> (a) third person may enforce a contractual obligation, although he is not a party to the agreement, when the promise to be enforced is expressly stated in the contract, or is apparent from the agreement and surrounding circumstances and the benefit conferred is direct and not incidental.

The key question is the intent of the parties to the actual contract to

confer a benefit on a third party. That intent must appear from the contract itself or be shown by necessary implication. It is a question of fact to be determined by the terms of the contract taken as a whole, construed in the light of the circumstances under which it was made and the apparent purpose the parties were trying to accomplish.

***Concrete Contractors, Inc. v. E.B. Roberts Const. Co.***, 664 P.2d 722, 725 (Colo. App.1983) (internal quotation and citation omitted).

Mentor and REM argue that the allegations in the plaintiffs Complaint fail to state a claim for breach of contract based on the plaintiffs' status as third-party beneficiaries to the contracts at issue. Mentor and REM argue that the breach of contract claim actually is a disguised negligence claim, a claim duplicative of the plaintiffs' negligence claims. Assuming the allegations in the Complaint to be true, including the allegation that the plaintiffs are third-party beneficiaries of the relevant contracts, I conclude that the plaintiffs are not barred from seeking relief on the alternative bases of negligence or breach of contract. Based on the allegations in the Complaint, it is plausible that the plaintiffs can establish independent duties of care in terms of negligence and in terms of contract. If such independent duties exist, then a party may assert both a negligence and a contract claim. ***See, e.g., Grynberg v. Agri Tech, Inc.***, 10 P.3d 1267, 1269 (Colo. 2000) (party suffering only economic loss from breach of contractual duty may not assert a tort claim for such a breach absent independent duty of care under tort law). A breach of a duty arising independently of contract duties between the parties may support a tort action. ***Town of Alma v. Azco Construction, Inc.***, 10 P.3d 1256, 1262 (Colo. 2000).

However, the present motion to dismiss addresses specifically two of the relevant contracts. Mentor and REM attach to their motion two such contracts. *Motion to*

*dismiss* [#15], Exhibits A & B.[3]  Exhibit A is a contract in which REM agreed to provide services from July 1, 2005, through June 30, 2006.  Exhibit B is a contract in which REM agreed to provide services from November 1, 2006, through June 30, 2007.  Both of these contracts contain provisions that provide explicitly that third parties, including those receiving services under the contract, such as the plaintiffs, are not entitled to enforce the provisions of the contract and are incidental beneficiaries of the contract only.  *Motion to dismiss* [#15], Exhibits A, ¶ 33; Exhibit B, ¶ 23.

The intent of the parties to the contract with regard to third parties who seek to enforce the contract is the key factor in determining who may be a third party beneficiary to the contract.  Here, the contracting parties' intent is expressed clearly in the contracts.  Given those clear expressions of intent, I conclude that the allegations in the plaintiffs' Complaint, to the extent they implicate the two contracts attached to the defendants' motion to dismiss as Exhibits A and B, do not state a claim on which relief can be granted based on the plaintiffs' claimed status as third-party beneficiaries to the contracts.

I disagree with the plaintiffs' contention that these contract provisions are void because they are contrary to the public policy expressed in the Act for the Care and Treatment of the Developmentally Disabled, §§27-10.5-101 through 27-10.5-902, C.R.S.  Most important, a contract claim by an alleged third-party beneficiary is not the

---

[3]  The plaintiffs assert that the defendants submission of the contracts in support of their motion to dismiss triggers Fed. R. Civ. P. 12(d), which provides that a motion to dismiss must be treated as a motion for summary judgment if matters outside of the pleadings are presented in support of the motion, and the court does not exclude such matters.  I note, however, that the plaintiffs make specific allegations in their Complaint [#1-10] describing such contracts, and the plaintiffs do not dispute the authenticity of the contracts submitted by the defendants as Exhibits A and B to their motion to dismiss.  Under these circumstances, the contracts properly may be considered in resolving the motion to dismiss.  *See, e.g., Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 - 1254 (10th Cir. 1005) (document central to plaintiff's claim and referred to in complaint may be considered in resolving motion to dismiss, at least when document's authenticity not in dispute).

only enforcement mechanism available under the Act.  Because other enforcement mechanisms are available under the Act, the provisions of the contracts limiting the enforcement rights of persons not parties to the contracts are not void as contrary to public policy.

To the extent the plaintiffs' third-party beneficiary claims are based on the two contracts attached to the motion to dismiss, the motion to dismiss will be granted. These two contracts concern services to be provided by REM from July 1, 2005, through June 30, 2006, and from November 1, 2006, through June 30, 2007.  In their Complaint, the plaintiffs allege that there are "one or more Service Agency Contracts" covering a span of time between 2004 and 2007, concerning the services of both REM and Mentor, on which their claims are based. *Second Amended Complaint* [#1-10], ¶¶ 33 - 57, 154 - 158.  The two contracts attached to the motion to dismiss [#15] do not cover the full span of time at issue in the Complaint, and they do not cover services allegedly provided by Mentor.  Thus, I conclude that the allegations in the Complaint are sufficient to give the court reason to believe that these plaintiffs have a reasonable likelihood of mustering factual support for contract claims involving contracts other than those shown as Exhibits A and B to the motion to dismiss [#15].  Assuming the plaintiffs' allegations to be true, I must assume that there are other relevant contracts and that the plaintiffs are third-party beneficiaries to the other relevant contracts.  Therefore, to the extent the defendants seek dismissal of the plaintiffs' third-party beneficiary claims based on other relevant contracts, the motion to dismiss [#15] will be denied.

### C.  Fifteenth Claim - Unjust Enrichment

Under Colorado law, a party claiming unjust enrichment must prove that (1) the defendant received a benefit; (2) at the plaintiff's expense; (3) under circumstances that

would make it unjust for the defendant to retain the benefit without commensurate compensation. *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo. 2008). Unjust enrichment is based on principles associated with restitution. *Id*. "The proper remedy upon a finding of unjust enrichment is to restore the harmed party 'to the position he formerly occupied either by the return of something which he formerly had or by the receipt of its monetary equivalent.' *Id*. (*quoting Restatement of Restitution* § 1 cmt. a (1937)).

The defendants argue that the allegations in the Complaint do not include any allegation that the defendants received any benefit at the expense of the plaintiffs. Notably, the Complaint includes allegations that the defendants stole money from plaintiffs Bower, Cervantes, and Rodgers. These allegations are sufficient to state a claim of unjust enrichment as to plaintiffs Bower, Cervantes, and Rogers.

As to the other plaintiffs, and assuming the allegations in the Complaint to be true, there is no allegation that the defendants received a benefit at the expense of the other plaintiffs. The defendants allegedly received a benefit when they were paid for their services by certain government agencies. This is not a benefit received by the defendants at the plaintiffs' expense. With the exception of the theft claims asserted by plaintiffs Bower, Cervantes, and Rodgers, the plaintiffs have failed to state a claim for unjust enrichment on which relief can be granted. To this extent, the motion to dismiss will be granted as to the plaintiffs' fifteenth claim for unjust enrichment claim.

## IV.  CONCLUSION AND ORDERS

Under FED. R. CIV. P. 12(b)(6), as applicable to this case, the allegations concerning plaintiffs, Bream, Cummings, and Guion are not sufficient to state a claim under the COCCA, and the defendants' motion to dismiss is granted as to the COCCA claim of these three plaintiffs. To the extent the plaintiffs' third-party beneficiary claim,

their fourteenth claim for relief, is based on the two contracts attached to the defendants' motion to dismiss [#15] as Exhibits A & B, the allegations in the plaintiffs' complaint are not sufficient to state a third-party beneficiary claim.  The defendants' motion to dismiss is granted to the extent the plaintiffs' third-party beneficiary claim is based on these two contracts.  The defendants' motion to dismiss the plaintiffs' unjust enrichment claim is denied to the extent that claim is based on allegations that the defendants stole money from plaintiffs Bower, Cervantes, and Rodgers.  Otherwise, the allegations in the Complaint are not sufficient to state a claim for unjust enrichment.  To the extent the plaintiffs' unjust enrichment claims are based on factual allegations other than the theft allegations asserted by plaintiffs Bower, Cervantes, and Rodgers, the defendants' motion to dismiss the plaintiffs' unjust enrichment claim is granted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That under FED. R. CIV. P. 12(b)(6), defendant Jan Blosser's **Amended Motion To Dismiss Eleventh Claim  for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#21] filed May 25, 2010, a motion in which the other defendants have joined [#25], is **GRANTED** as to the COCCA claims asserted by plaintiffs, Bream, Cummings, and Guion;

2.  That otherwise, the defendant Jan Blosser's **Amended Motion To Dismiss Eleventh Claim  for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#21] filed May 25, 2010, is **DENIED**;

3.  That under FED. R. CIV. P. 12(b)(6), defendants National Mentor Holdings, Inc. and REM Colorado, Inc.'s **Motion for Partial Dismissal of Fourteenth and Fifteenth Claims for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#15] filed May 24, 2010, is **GRANTED** to the extent the plaintiffs' third-party beneficiary claim, their fourteenth claim

for relief, is based on the two contracts attached to the defendants' motion to dismiss [#15] as Exhibits A & B;

4.   That defendants National Mentor Holdings, Inc. and REM Colorado, Inc.'s **Motion for Partial Dismissal of Fourteenth and Fifteenth Claims for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#15] filed May 24, 2010, is **DENIED** to the extent the defendants seek dismissal of the unjust enrichment claims of plaintiffs, Bower, Cervantes, and Rodgers, which claims are based on allegations that the defendants stole money from plaintiffs, Bower, Cervantes, and Rodgers; and

5.   That under FED. R. CIV. P. 12(b)(6), defendants National Mentor Holdings, Inc. and REM Colorado, Inc.'s **Motion for Partial Dismissal of Fourteenth and Fifteenth Claims for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#15] filed May 24, 2010, is **GRANTED** to the extent the plaintiffs' unjust enrichment claims are based on factual allegations other than the theft allegations asserted by plaintiffs Bower, Cervantes, and Rodgers; and

6.   That otherwise, defendants National Mentor Holdings, Inc. and REM Colorado, Inc.'s **Motion for Partial Dismissal of Fourteenth and Fifteenth Claims for Relief Pursuant to FED. R. CIV. P. 12(b)(6)** [#15] filed May 24, 2010, is **DENIED**.

Dated March 18, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

14