**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-01144-REB-BNB

THE ARC OF THE PIKES PEAK REGION, as legal guardian for
ANGELA BREAM,
GREG CATLETT,
GORDON CUMMINGS,
VERA GUION
MARY RODGERS, and
TINO VALENCIA,
SHARON HARRISON
MICHELLE BOWER and MICHELLE BOWER, as legal guardians for RANDY BOWER,
KARLA DIAZ and CELESTINO PAUL DIAZ, as legal guardians for FELIPE CANTRELL CERVANTES,

     Plaintiffs,

v.

NATIONAL MENTOR HOLDINGS, INC., d/b/a THE MENTOR NETWORK, its successors and its assignees,
REM COLORADO, INC., its successors and assignees, and
JAN BLOSSER

     Defendants.

## ORDER DENYING MOTION FOR PARTIAL REMAND

**Blackburn, J.**

     This matter is before me on the **Plaintiffs' Motion for Partial Remand, and Stay of this Federal Action Pending Resolution of the State Action** [#33][1] filed June 16, 2010.  The defendants filed responses [#37 & #38], and the plaintiffs filed a reply [#50].  I deny the motion.

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I. BACKGROUND

The plaintiffs are guardians for eight disabled wards. This case is based on the plaintiffs' allegations that the defendants, who contracted with certain government agencies to provide care to the wards, exposed the wards to protracted and extensive physical and emotional abuse, neglect, and mistreatment. Based on these allegations, the plaintiffs assert fifteen claims for relief in their Second Amended Complaint [#1-10]. Claims one, two, three, four, and six are negligence claims. Claim five is a claim for violation of the Act for the Care and Treatment of the Developmentally Disabled, §§27-10.5-101 through 27-10.5-902, C.R.S. Claim seven is a claim for outrageous conduct, and claim eight is a claim for breach of fiduciary duty. Claim nine is a claim for conversion and claim ten is a claim for an accounting. Claim eleven is a claim under the Colorado Organized Crime Control act (COCCA), §18-17-101, C.R.S. Claim twelve is a claim under the Racketeer Influenced Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 - 1968. Claim thirteen is a claim for a declaratory judgment. Claim fourteen is a claim for breach of contract, based on contracts between defendant REM Colorado, Inc. and The Resources Exchange. Claim fifteen is a claim for unjust enrichment.

Initially, the plaintiffs filed this case in state court. After the plaintiffs asserted their RICO claim in their Second Amended Complaint, the defendants removed the case to this court, noting that this court has federal question jurisdiction over the RICO claim and supplemental jurisdiction over the other claims. 28 U.S.C. §§ 1331, 1367. In their present motion, the plaintiffs argue that the court should decline to exercise supplemental jurisdiction over the state claims, and remand those claims for trial in state court.

## II.  ANALYSIS

Title 28 U.S.C. § 1367 (c) provides:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The plaintiffs argue that I should decline to exercise supplemental jurisdiction over the state claims in this case because two of those claims raise novel or complex issues of state law.  In addition, the plaintiffs argue that the state claims predominate substantially over the RICO claim.  Applying § 1367 as codified and construed, I conclude that it is appropriate for this court to exercise supplemental jurisdiction over the state claims in this case.

### A.  Novel or Complex Issue of State Law

I do not read § 1367(c)(1) to include any issue of state law that might be seen as novel because the issue has not been decided by a state court.  The fact that an issue has not been decided by a state court, alone, does not make that issue novel.  Rather, I conclude that, for purposes of § 1367(C)(1), novelty requires that the legal issue in question, in the context of legal issues generally, be so unusual or difficult that analysis by a state court in the first instance is preferable.

The plaintiffs anticipate that the defendants will assert the provisions of §13-21-

117.5, C.R.S., as a basis to argue that this court lacks subject matter jurisdiction over the plaintiffs' tort claims. This statute contains a provision which prohibits a developmentally disabled person from maintaining a tort action unless he or she has "filed for dispute resolution or other applicable intervention" with the Colorado Department of Human Services. In relevant part, the subsection on which the plaintiffs rely provides:

> No action in tort under this section may be maintained on behalf of, for, or by a person with a developmental disability . . . against a provider unless that person claiming to have suffered an injury or grievance or that person's guardian or representative has filed for dispute resolution or other applicable intervention, if any, by the [Department of Human Services] or community centered board pursuant to department rules promulgated under article 10.5 of title 27, C.R.S., within one year after the date of the discovery of the injury or grievance, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury or grievance. Compliance with the provisions of this subsection (5), documented by a letter from the department certifying that any and all such interventions and dispute resolution procedures, with either the department or the community centered board, applicable to the matter at hand have been exhausted, or by submission of evidence that such an intervention or dispute resolution request has been filed and no action has been taken by the department within ninety days, shall be a jurisdictional prerequisite to any action brought under the provisions of this section, and failure of compliance shall forever bar any such action and shall result in a dismissal of any claim with prejudice. . . .

§13-21-117.5(1)(b)(5), C.R.S.

The plaintiffs contend that they attempted to comply with the requirements of this statute but were told that the Colorado Department of Human Services had no regulations or other mechanisms in place for a disabled person to obtain dispute resolution or other intervention under the statute. Assuming these facts are true, this does not present a novel or complex issue of state law. Notably, the statutory subsection in question admits of the possibility that no procedure for dispute resolution

may be in place, and provides a means to comply with the statute if no such procedure is in place.  The statute provides that a plaintiff must file "for dispute resolution or other applicable intervention, <u>if any</u>," and provides that a plaintiff may demonstrate compliance with the statute "by submission of evidence that such intervention or dispute resolution request has been filed and not action has been taken by the department with in ninety days."  §13-21-117.5 (5), C.R.S.  These requirements are well within the norm of statutory requirements that a plaintiff exhaust administrative remedies.  Further, the requirements of the statute are expressed with reasonable clarity and, therefore, may be applied to this case without requiring a novel or complex statutory interpretation. In this context, the fact that there is no published decision from the courts of Colorado applying this subsection does not make this statute novel or complex, for the purpose of § 1367.   The provisions of §13-21-117.5, C.R.S. do not present a novel or complex issue of state law.

      The plaintiffs argue also that their claim under the Act for the Care and Treatment of the Developmentally Disabled, article 10.5 of title 27, C.R.S., also presents novel and complex issues of state law.  Section 27-10.5-134, C.R.S., provides that a "violation of any provision of this article shall give rise to a civil cause of action by the person adversely affected by such violation . . . ."  Although the Act has been in effect since 1975, the plaintiffs contend that their claims under the Act present novel and complex issues of state law because no state court has addressed the scope or application of §27-10.5-134.  The plaintiffs argue, generally, that the need to interpret the provisions of the Act in resolving their claims present a novel and complex issue of state law.  I disagree.

Although the Act imposes a litany of requirements which may form the basis of a claim or claims under §27-10.5-134, the plaintiffs have not specified any alleged violations of the Act at issue in this case that present novel or complex issues of statutory interpretation. Having reviewed the plaintiffs' fifth claim for relief and the Act, no such issues are apparent to the court. The provisions of §27-10.5-134 and the Act generally do not present a novel or complex issue of state law.

### B. Substantial Predominance of State Law Claims

Under § 1367(c)(2), a court may decline to exercise supplemental jurisdiction over a state law claim if that claim substantially predominates over the claim or claims over which the district court has original jurisdiction.

> (T)he "substantially predominates" standard of § 1367(c)(2) comes from *Gibbs* [*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).]. It is important to recognize that this standard was fashioned as a limited exception to the operation of the doctrine of pendent jurisdiction-a doctrine that seeks to promote judicial economy, convenience, and fairness to litigants by litigating in one case all claims that arise out of the same nucleus of operative fact. When a district court exercises its discretion not to hear state claims under § 1367(c)(2), the advantages of a single suit are lost. For that reason, § 1367(c)(2)'s authority should be invoked only where there is an important countervailing interest to be served by relegating state claims to the state court. This will normally be the case only where "a state claim constitutes the real body of a case, to which the federal claim is only an appendage," *Gibbs*, 383 U.S. at 727, 86 S.Ct. at 1140-only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.

*Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3rd Cir.1995). The relevant considerations are (1) whether there is a substantial quantity of evidence needed to support the state claims that is not relevant to the federal claims; (2) whether the state claims predominate substantially in terms of the comprehensiveness of the remedy sought; and (3) whether the scope of the issues raised in the state claims shows that

those issues predominate over the issues relevant to the federal claims. *Id*. The substantially predominate standard of § 1367(c)(2) is not satisfied simply because the number of state claims is more than the number of federal claims. *Id*.

In this case, the state law claims do not predominate substantially in terms of the evidence needed to support the state claims and the federal claim. Notably, all of the plaintiffs' claims are based on the same alleged course of conduct and alleged injuries. The RICO claim differs from the other claims because the RICO claim is based on the transmission of false statements by mail and wire. In essence, the RICO claim is based on allegations that the defendants committed mail and wire fraud by transmitting false statements indicating that the defendants properly had provided services to the plaintiffs when, in reality, the defendants had not provided services properly. These false statements were made, the plaintiffs allege, when the defendants sought payment for their services. As with the other claims, proof of the RICO claim requires proof that the defendants failed properly to provide services to the plaintiffs. The plaintiffs acknowledge that essentially the same body of evidence is, for the most part, relevant to each of the plaintiffs' claims, including the RICO claim. The plaintiffs note that "it is likely that trial of the state-law claims will resolve all RICO factual issues." *Motion for partial remand* [#33] filed June 16, 2010, p. 22.

The state law claims do not predominate in terms of the comprehensiveness of the remedies sought. The plaintiffs seek specific remedies under the Colorado Organized Crime Control Act, but the relief they request on all of their other claims, including their RICO claim, is identical. *Second Amended Complaint* [#1-10], ¶ 152 & prayer for relief. Further, the scope of the issues raised in the state claims does not

7

predominate over the issues relevant to the federal claim. Rather, the issues relevant to all claims are, for the most part, the same.

Applying the analysis detailed above, I conclude that the state law claims in this case do not substantially predominate over the federal law claim over which this court has original jurisdiction.

### C.  Judicial Economy & Fairness

Judicial economy and fairness always are relevant considerations when examining a proposed remand of state claims and the retention in federal court of one or more federal claims. Generally, "(j)udicial economy and fairness result from retaining jurisdiction over mixed state and federal claims where 'The state and federal claims ... derive from a common nucleus of operative fact.'" **Estate of Harshman v. Jackson Hole Mountain Resort Corp.**, 379 F.3d 1161, 1165 (10th Cir. 2004), **quoting United Mine Workers v. Gibbs**, 383 U.S. 715, 725 (1966). In this case, all of the claims arise from a common set of facts. Much of the evidence relevant to each claim also is relevant to the other claims. These considerations auger toward the exercise of supplemental jurisdiction because resolution of all of the plaintiffs' claims in one court will be more efficient than resolution of the plaintiffs' state claims in state court and resolution of the plaintiffs' federal claim in federal court.

### III.  CONCLUSION & ORDER

Having considered the record in this case and the relevant provisions of § 1367(c), as codified and construed, I conclude that the state claims in this case do not raise novel or complex issues of state law, that the state claims do not substantially predominate over the federal claim, and that it would not serve the interests of judicial

economy and fairness to decline exercise of supplemental jurisdiction over the plaintiffs' state claims.

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion fro Partial Remand, and Stay of this Federal Action Pending Resolution of the State Action** [#33] filed June 16, 2010, is **DENIED**.

Dated March 18, 2011, at Denver, Colorado.

**BY THE COURT:**

_/s/ Bob Blackburn_
Robert E. Blackbum
United States District Judge
