IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01144-REB-BNB

THE ARC OF THE PIKES PEAK REGION, as legal guardian for Angela Bream,
Greg Catlett, Gordon Cummins, Vera Guion, Mary Rodgers and Tino Valencia, and
SHARON HARRISON and MICHELLE BOWER, as legal guardians for Randy Bower,

Plaintiffs,

v.

NATIONAL MENTOR HOLDINGS, INC., d/b/a/ The Mentor Network, its successor and its assignees,
REM COLORADO, INC., its successors and assignees; and
JAN BLOSSER,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiffs' Motion to Enforce the Court's March 23 Order** [Doc. # 156, filed 4/29/2011] (the "Motion to Compel"), which is GRANTED as specified.

Previously, the plaintiffs sought to compel the production of "any document relating to any allegation or complaint that REM/Mentor mistreated any developmentally disabled person, including the Wards." Motion to Compel [Doc. # 115] at p. 9. REM/Mentor objected to the discovery request on numerous grounds, including undue burden. In support of the burden argument, REM/Mentor provided the Declaration of Robert Longo [Doc. # 139-4]. Mr. Longo estimated that responding to the request as posed would require 260 hours to identify the responsive files and an additional 1,000 hours or more to identify responsive documents within those files. Id. at ¶6.

"Mistreat" and "mistreatment" were defined in the plaintiffs's discovery requests as follows:

> "Mistreat" and "mistreatment" refer to any tort committed against and any act causing injury to a developmentally disabled person. The terms include any act or omission that is inconsistent with the developmentally disabled person's best interests or inconsistent with the human rights of a developmentally disabled person as set forth in Title 27, Article 10.5, of the Colorado Revised Statutes.

Plaintiffs' First Set of Discovery Requests [Doc. # 156] at p. 3. Section 27-10.5-115, C.R.S., provides a long and detailed list of treatment which is not permitted with respect to the developmentally disabled, including corporal punishment, mistreatment, exploitation, neglect, abuse, failure to provide sufficient qualified staffing, seclusion, "time out" procedures except as expressly provided, use of aversive or noxious stimuli, and physical and mechanical restraint except as expressly provided.

I addressed the issue of burden with plaintiffs' counsel at the hearing on the previous motion to compel, resulting in the following colloquy:

> THE COURT: The request is for any document relating to any allegation or complaint of mistreatment. What do you mean by allegation or complaint? Do you mean that there has to be a--a formal complaint with an administrative agency or a complaint filed with the home office, or do you mean that just a note in the patient file that a guardian came to visit and complained about conditions?
>
> MR. PAGLIUCA: Certainly, the first two categories that the Court articulated would be within, I think, a common meaning of the word "complaint." And I understand that this is a problem. How do we define when someone is complaining about the treatment of someone else, and how are we supposed to find out about it. And, you know, I mean, some of this I think comes down to what folks would commonly understand that to mean. I would think that if there is an isolated, unsubstantiated complaint by a guardian in one instance, that is certainly not something that I

> think would rise to the level of me needing to know about it or them needing to go look for it and find out about it. But there's a lot of area in between.
>
> And to me, um, "complaint" means an issue--well, I think the easiest way to deal with it is if it is something where--**if it is an allegation that should have resulted in an incident report being written,** that would be something that everyone would understand what it was, and it's something that they were supposed to do as part of their care of these developmentally disabled people. **So I think that's probably the simplest way to define it. If it is an allegation that should have resulted in the drafting of or the recording of an incident report.**

Transcript of Proceedings (March 24, 2011) [Doc. # 168-1] at p. 26 line 5 through p. 27 line 12 (emphasis added).

In view of the enormous burden which REM/Mentor had asserted would result from reviewing the documents to find allegations that "**should have** resulted in . . . an incident report," I rejected the plaintiffs' proposal and required REM/Mentor to produce "**any incident report** relating to a complaint that REM/Mentor mistreated a developmentally disabled person who resided in any of the four group homes . . . with a plaintiff ward during the period 2003 through 2007." Id. at p. 46 lines 18-25 (emphasis added). I explained the reason for this limitation as follows:

> Although the defendants have made a showing of great burden, that showing relates to a much greater scope of inquiry, and this more limited inquiry I believe should ameliorate that burden.

Id. at p. 47 lines 6-9.

Having limited the documents that REM/Mentor was required to identify and review to actual incident reports for four distinct group homes during a limited period of time, I did not find it necessary to alter the definition of "mistreat" or "mistreatment." The statutory language

3

specified by the plaintiffs is appropriate and does not create any special burden on REM/Mentor. In fact, it is the statutorily specified treatment or, more properly mistreatment, about which REM/Mentor must prepare incident reports. See section 27-10.5-115(1), C.R.S. (requiring that "[a] record shall be maintained of . . . all incidents of mistreatment, exploitation, neglect, or abuse, and all uses of physical or mechanical restraint").

REM/Mentor did not follow the definition of mistreatment in their supplemental discovery response required by my order compelling discovery. Instead, REM/Mentor adopted a dictionary definition of the term mistreatment--"to treat badly, cruelly, or unfairly (synonymous with abuse)." Motion to Compel [Doc. # 156] at p. 5. However, in their Response [Doc. # 168], REM/Mentor state:

> Significantly, defense counsel understand this [the plain English definition of mistreatment] to encompass incidents of alleged abuse, neglect, and exploitation, as well as treatment that is bad, cruel, or unfair.
> \* \* \*
> Defendants have produced many more documents to Plaintiffs than required under such a definition. Defendants have produced Incident Reports not only where someone affirmatively made an oral or written allegation or complaint to REM that a nonparty had been mistreated (and there are very few such Incident Reports), but also included Incident Reports that might be subject to some interpretation of unfair, cruel, abusive, neglectful, exploitative, or bad treatment of a nonparty.
> \* \* \*
> Defendants' understanding of the common meaning of mistreatment includes any allegation or complaint of abuse, neglect, or exploitation as contemplated by the laws cited in Plaintiffs' Motion. Abuse that is physical, sexual, or psychological falls within the commonly understood meaning of the term "mistreatment" which Defendants have used. Defendants' understanding of the term is consistent with the definition of mistreatment established within the statutory and regulatory

4

> framework Plaintiffs cited related to the care of developmentally disabled individuals (i.e., C.R.S. § 27-10-115(2) and (1); and 2CCR 503-1 §16.120).

Response [Doc. # 168] at pp. 5, 7, and 8.

REM/Mentor's arguments to the contrary notwithstanding, I assume the decision to define the term mistreatment pursuant to a dictionary rather than pursuant to the statute, as specified by the plaintiffs, was for a purpose. Consequently, to the extent that any document subject to the order compelling discovery and based on mistreatment as that term is defined in section 27-10.5-115, C.R.S., has not been produced, the Motion to Compel is GRANTED.

IT IS ORDERED:

1. The Motion to Compel [Doc. # 156] is GRANTED to require production of all documents as specified in the order compelling discovery and based on mistreatment as that term is defined in section 27-10.5-115, C.R.S.; and

2. The parties' competing requests for attorneys fees are DENIED.

Dated May 25, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge